```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

**MARY M. GILL,**

    **Plaintiff,**

**vs.**                                              **NO. 04-2430-MaV**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 17, 2007, United States Magistrate Judge Diane K. Vescovo filed her Report and Recommendation(the "Report"), which recommended denying plaintiff Mary M. Gill's ("Gill") appeal. On August 31, 2007, Gill filed objections to the Report. Having reviewed the Report, the court concludes that the findings and conclusions of the Magistrate Judge are correct, and the report is ADOPTED as set forth in this order.

**I. Background**

Gill's initial application for Social Security benefits was denied. That application was filed on April 8, 1993 and was denied by a final decision on February 27, 1998. Gill filed a new application for benefits on February 28, 1997, alleging an onset date of February 28, 1997. This later application was granted, and Gill has received benefits since February 28, 1998.

This appeal seeks retroactive benefits from April 8, 1993.

Gill suffers a range of maladies including back pain, leg pain, knee pain, foot pain, chest pain, headaches, dizziness, hypertension, obesity, diabetes, gastroesophageal reflux, carpal tunnel syndrome, and blurred vision.  Despite these ailments, Gill testified that she could probably perform a job that required her to sit for six hours in an eight-hour day if she could sit for a few hours and then get up and move around.  Her blood pressure and diabetes are controlled by medication.

**II. Standard of Review**

The Report correctly states that judicial review of the Commissioner's decision extends only to whether there is substantial evidence supporting the decision and whether the Commissioner used the proper legal criteria to arrive at the decision.  42 U.S.C. § 405(g); Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  "If the answer to that question is 'Yes' [the court] may not even inquire whether the record could support a decision the other way."  Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).  Substantial evidence is more than a scintilla and less than a preponderance.  A reasonable mind might accept substantial evidence as adequate to support a conclusion.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

**III. Discussion**

Both the Report and Gill's objections agree that the sole issue is whether the Administrative Law Judge ("ALJ") could rely on the Medical-Vocational Guidelines (the "grid") to direct a finding of disability or whether the ALJ must obtain vocational expert testimony to evaluate Gill's abilities for the time at issue.

Gill avers that she suffered from severe nonexertional impairments and that the ALJ was required to consult a vocational expert to determine whether she could perform other jobs in the national economy. The ALJ concluded that the plaintiff's nonexertional limitations did not significantly limit her ability to perform work at the sedentary level. More precisely, the question is not whether Gill has significant medical issues, but "whether they [were] significant enough to prevent [Gill] from performing a full range of sedentary work at the designated level." Cole v. Sec'y of Health & Human Servs., 820 F.2d 768, 772 (6th Cir. 1987). An ALJ who discredits claims of nonexertional impairment need not consult a vocational expert and may rely on the grid. Buress v. Sec'y of Health & Human Servs., 835 F.2d 139, 143 (6th Cir. 1987)(stating that "[a] mere allegation of nonexertional limitation is not sufficient to preclude application of the grid").

The ALJ decision discrediting Gill's claims of nonexertional

impairment that limited her from performing a full range of sedentary work is supported by substantial evidence.  The ALJ found that the Gill's carpal tunnel syndrome had not deprived her of her grip strength and that she could properly manipulate the fingers on her hand.  The ALJ also found that Gill's testimony about her day to day activities was inconsistent with her claimed nonexertional limitations.  During the time in question, Gill was able to bathe, dress herself, do laundry, do household chores, prepare dinner, and fold clothes.  Gill had the ability to walk roughly a quarter mile.  For a short while during this period, she also cared for her elderly mother who was confined to a wheelchair. These findings show that substantial evidence existed on the record for the ALJ's conclusion that the plaintiff's nonexertional limitations were not significant enough to warrant the testimony of a vocational expert.

    The August 17, 2007, Report and Recommendation of the Magistrate Judge is therefore ADOPTED by this court.

    It is so ORDERED this 12th day of September, 2007.

                                          s/ Samuel H. Mays, Jr.

                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE